James WHITE, Appellant,

v.

## DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, Appellee.

### No. 07–CV–407.

District of Columbia Court of Appeals.

Argued Oct. 9, 2008.
Decided Dec. 18, 2008.

David A. Branch for appellant.

Natalie O. Ludaway, Washington, DC, with whom Matthew H. Goodman and Avis Russell were on the brief, for appellee.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and FARRELL, Associate Judge, Retired.

PER CURIAM:

■ A jury awarded White damages for breach of contract against his former employer, the District of Columbia Water and Sewer Authority ("WASA" or "the Authority"), in the wake of White's discharge from the employment in 2003.[1] White's

---

1. White also sued WASA for violation of his rights under the District of Columbia Family and Medical Leave Act (DCFMLA) and for discrimination, in violation of the District of Columbia Human Rights Act. Both counts were dismissed by the court before trial. White's appeal has not challenged the latter dismissal, and at oral argument he abandoned his challenge to dismissal of the DCFMLA count.

main argument on appeal is that the trial court erroneously refused to award him attorney fees under the Federal Back Pay Act (FBPA), 5 U.S.C. § 5596 (2008). Although in general "the [F]BPA has been superseded in the District of Columbia by the [District's] Comprehensive Merit Personnel Act [or CMPA, *see* D.C.Code § 1–601.01 *et seq.* (2001) ]," *Mitchell v. District of Columbia,* 736 A.2d 228, 229 n. 1 (D.C. 1999), White relies on this court's conclusion that

> the Back Pay Act continues to apply to District employees under the broader CMPA policies of maintaining ... the pre-CMPA "compensation system" [including the attorney fees provision of the FBPA] for all employees ... until a new [compensation system] is enacted to replace it.

*American Fed'n of Gov't Employees (AFGE) v. District of Columbia Water & Sewer Auth.,* 942 A.2d 1108, 1112–13 (D.C. 2007); *see also Zenian v. District of Columbia Office of Employee Appeals,* 598 A.2d 1161 (D.C.1991).[2]

White's argument founders, however, on the fact that WASA, an "independent authority of the District government," D.C.Code § 34–2202.02(a) (2001), has indeed adopted a new personnel and compensation system that supplants application of the FBPA to employees of WASA. The statutes governing WASA are clear that, once the Authority has "establishe[d] a personnel system" for its employees, the CMPA-and with it, the counsel fees provision included in its compensation system-

no longer applies to WASA employees. *See* D.C.Code § 34–2202.17(b) ("Until the [WASA] Board establishes a personnel system ... § 1–601.01 *et seq.* [the CMPA] ... shall continue to apply to the Authority."); *id.* § 34–2202.15 ("Merit personnel system inapplicable") ("Except as provided in this section and in § 34–2202.17(b), no provision of § 1–601.01 *et seq.* shall apply to employees of the Authority.").[3]

WASA has adopted its own personnel regulations, including comprehensive provisions governing employee compensation. *See* 21 DCMR § 5201 *et seq.* (2008). The purpose of the regulations is to "establish guidelines, including policies and procedures relating to personnel matters including, but not limited to, the recruitment, employment, compensation, advancement, hiring, retention, and termination of Authority employees[.]" *Id.* § 5201.1. The regulations detail the rights of WASA employees with respect to sick leave, holidays, and absences, *id.* § 5204.1 *et seq.,* and appeals from disciplinary actions and performance evaluations. *Id.* § 5210.1 *et seq.* Moreover, they address the compensation and benefits that WASA employees are entitled to receive. *Id.* § 5205.1 *et seq.* By adopting its own personnel system, WASA has thus exempted itself from the reach of the CMPA's compensation provisions, including entitlement to attorney fees under the FBPA. The fact that the benefits available to WASA employees are not equivalent in all respects to those provided other District employees is im-

---

**2.** The *AFGE* and *Zenian* decisions rested ultimately, in this regard, on application of a provision of the CMPA now codified as D.C.Code § 1–611.04(e) ("Until such time as a new compensation system is approved, the compensation system ... in effect on December 31, 1979, shall continue in effect."). In an earlier decision, *District of Columbia v. Hunt,* 520 A.2d 300 (D.C.1987), the court had

found that "counsel fees [for an employee successfully litigating a personnel action] constitute a 'concrete personnel entitlement or benefit' " included within the existing compensation system. *See Zenian,* 598 A.2d at 1165.

**3.** The statutory exceptions other than § 34–2202.17(b) have no applicability to this case.

material; because it has established "a personnel system," § 34–2202.17(b), "a new compensation system," § 1–611.04(e), WASA is relieved of application of the CMPA and, thereby, the FBPA.

\* \* \* \*

■ White argues separately that, in light of the jury's verdict, the trial judge erred in not ordering that he be reinstated to his former position. But, because White sought reinstatement for the first time in a motion to alter or amend judgment, *see* Super Ct. Civ. R. 59(e), he must demonstrate a "manifest error[ ] of law or fact" or a "manifest injustice" in the judge's refusal to order reinstatement. *District No. 1–Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Travelers Cas. & Sur. Co.*, 782 A.2d 269, 278–79 (D.C. 2001) (quoting 11 C. WRIGHT, A. MILLER, AND M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 125–26 (1995 ed.)). He has not done so. Contrary to his suggestion, *Zenian, supra,* sheds no light on his entitlement to reinstatement as part of a "make whole" remedy in this action for breach of contract. Further, his reliance on discrimination cases does not help him. In employment discrimination cases, "trial courts have the discretion to fashion remedies to make the plaintiff whole, to recreate the employment conditions and relationships that would have existed in the absence of intentional discrimination." LEX K. LARSON, 4 LABOR AND EMPLOYMENT LAW § 109.02 (2008). So, for example, reinstatement is an available remedy under the D.C. Human Rights Act when there has been a finding that a defendant has engaged in an unlawful discriminatory practice. *See* D.C.Code § 2–1403.13(a)(1)(A) (2001). Similarly, Congress has given the federal courts "broad equitable powers" to "ensure that victims of employment discrimination would be provided complete relief." *Loeffler v.*

*Frank,* 486 U.S. 549, 558 n. 6, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). On the other hand, "[a]lthough most remedial labor statutes specifically authorize courts to order reinstatement of employees fired in violation of the statute, reinstatement is not normally ordered in common law cases." MARK A. ROTHSTEIN, CHARLES B. CRAVER, ELINOR P. SCHROEDER, ELAINE W. SHOBEN, 2 EMPLOYMENT LAW § 9.23 (2004). The jury awarded White damages for common law breach of an implied employment contract, the kind of action in which loss of past and projected future income is normally reduced to monetary damages to make the prevailing plaintiff whole. *See Kakaes v. George Washington Univ.,* 790 A.2d 581, 583 (D.C.2002) (in suit for breach of employment contact, appellant failed to "show[ ] why damages would not provide him with full and complete relief"; "at least in the absence of a [contractual] provision specifying an equitable remedy, award of legal relief is the entirely appropriate norm"); *District of Columbia v. Jones,* 442 A.2d 512, 524 (D.C.1982) ("The measure of damages in an employee's action … for breach of the employment contract is generally the compensation that would have been due to the employee during the unexpired period of employment with appropriate reduction to present worth") (internal quotation marks omitted). White has not shown manifest error in the refusal to order his reinstatement.

Finally, White argues that the judge (again in considering his post-verdict motion to alter or amend) should have "award[ed] him all job-related benefits he lost as a result of his termination" (Br. for Appellant at 9). This wholly conclusory argument does not specify what "benefits" White lost that were not reflected, by implication, in the jury's monetary award. He has not shown manifest error in the

judge's refusal to order him to be compensated for these unidentified benefits.

*Affirmed.*