*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

08/17/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CV-1024

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 20, LOCAL 2087, AFL-CIO, APPELLANT,

v.

UNIVERSITY OF THE DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAP-8393-12)

(Hon. Anthony C. Epstein, Trial Judge)

(Argued February 14, 2017            Decided August 17, 2017)

*Brenda C. Zwack*, with whom *Lisa M. Manson* was on the brief, for appellant.

*Anessa Abrams*, with whom *Gary L. Lieber* was on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*,[*] and WASHINGTON[+] and FERREN, *Senior Judges*.

---

[*] Chief Judge Blackburne-Rigsby was an Associate Judge at the time of oral argument. Her status changed to Chief Judge on March 18, 2017.

[+] Senior Judge Washington was the Chief Judge at the time of oral argument. His status changed to Senior Judge effective March 20, 2017.

BLACKBURNE-RIGSBY, *Chief Judge*:  The critical dispute before the court is whether the arbitrator in this case exceeded his authority or contravened public policy by awarding attorney's fees, where the parties' Collective Bargaining Agreement ("CBA") is silent on the issue of attorney's fees.  Appellant American Federation of State, County, and Municipal Employees, District Council 20, Local 2087, AFL-CIO ("AFSCME") seeks review of an order of the Superior Court vacating and remanding a decision by the District of Columbia Public Employee Relations Board ("PERB" or "Board") that affirmed an arbitration award of attorney's fees to AFSCME, to be paid by appellee University of the District of Columbia ("UDC" or "University").[1]  The PERB concluded that the arbitrator was authorized to award attorney's fees under the arbitrator's inherent equitable powers.  Judge Anthony C. Epstein, however, vacated the award because the arbitrator did not explicitly indicate whether the arbitration award was based on the

---

[1]  The CBA, which was not a part of the PERB's certified record, was attached as an exhibit before the trial court.  It contains one provision which merits some discussion:  Article 33.2 (A) of the CBA, pertaining to an employee's rights during a disciplinary action, states that, "Employees shall be entitled to representation by AFSCME *or* an attorney provided at the employee's own expense at every level of the disciplinary process."  (emphasis added).  This provision is not in tension with the PERB's conclusion that the CBA is silent on attorney's fees.  By the article's plain meaning, *see Abdelrhman v. Ackerman*, 76 A.3d 883, 888 (D.C. 2013), an employee subject to disciplinary action has the option to either procure representation himself/herself at his/her own expense *or* the right to representation from the union itself.  The CBA does not state that either the employee or AFSCME is precluded from seeking reimbursement later if the employee prevails in his or her personnel action.

CBA. We conclude that the arbitrator did not exceed his authority by granting attorney's fees under his inherent equitable powers and that the award does not contravene public policy. Accordingly, we reverse the Superior Court's decision to remand and reinstate the PERB's decision affirming the arbitration award. *See* D.C. Code § 1-605.02 (6) (2012 Repl.).

## I.      Factual and Procedural Background

AFSCME filed a grievance against UDC on behalf of two union employees under the parties' CBA, after the employees were terminated by UDC for misuse of University funds. The parties went to arbitration before Arbitrator Michael Wolf, who found in favor of AFSCME, in part. He determined that the two union employees should have been given thirty-day suspensions, instead of being terminated. In a supplemental award, Mr. Wolf also awarded AFSCME reimbursement of reasonable attorney's fees that it incurred representing the two employees in the arbitration process. Although the CBA is silent on the issue of reimbursement of attorney's fees, Mr. Wolf concluded that AFSCME was entitled

to reimbursement of reasonable attorney's fees under the authority of the federal Back Pay Act ("BPA"). *See* 5 U.S.C. § 5596 (b)(1)(A)(ii) (2014).[2]

Although "[t]he Council of the District of Columbia itself has never promulgated regulations to implement the Back Pay Act, which is a vestige of the patchwork system in effect prior to the passage of Home Rule in 1973[,]" this court has held "that the Back Pay Act continues to apply to District employees under the broader [Comprehensive Merit Personnel Act ("CMPA")] policies of maintaining all 'concrete personnel entitlements or benefits' or their equivalents for employees hired before the CMPA . . . and maintaining the pre-CMPA

---

[2] The BPA states in relevant parts:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under . . . collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee . . .
>
> is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect . . .
>
> *reasonable attorney fees related to the personnel action* . . . .

5 U.S.C. § 5596 (b)(1)(A)(ii) (emphasis added).

'compensation system' for all employees whenever hired until a new one is enacted to replace it." *Am. Fed'n of Gov't Emps. v. District of Columbia Water and Sewer Auth.*, 942 A.2d 1108, 1112-13 (D.C. 2007) (citations omitted) ("*AFGE*"); *see also White v. District of Columbia Water and Sewer Auth.*, 962 A.2d 258, 259 (D.C. 2008) (per curiam). In *White*, we explained, however, that government entities statutorily eligible for CMPA exemption,[3] such as then-Water and Sewer Authority ("WASA"),[4] that adopt a new, comprehensive personnel and compensation system for its employees are exempt from "the CMPA-and with it, the counsel fees provisions [under the BPA] included in its compensation system." 962 A.2d at 259.[5]

---

[3] *See* D.C. Code § 1-602.01 (a) (2012 Repl.).

[4] *See* D.C. Code § 34-2202.02 (2012 Repl.).

[5] In a Rule 28 (k) letter filed on December 2, 2016, UDC cites to our recent decision in *Walker v. Office of the Chief Information Technology Officer*, 127 A.3d 524 (D.C. 2015), to support its argument that the District's implementation of the District Personnel Manual ("DPM") on February 4, 2005, had completely superseded the application of the BPA. As UDC concedes in its brief, however, neither PERB nor this court has yet ruled whether the DPM supersedes the application of the BPA. In fact, in two cases following the DPM's implementation, *AFGE* (2007) and *White* (2008), this court has maintained that the BPA shall continue to apply to District entities that fall under the broader CMPA. *Walker* does not decide the question of whether the DPM supersedes the BPA. Rather, *Walker* stands for the proposition that, on the issue of employee mitigation, the "DPM's [mitigation] provision does not abridge but merely explains the common law mitigation requirement that *has long been read into the* [*BPA*]." 127 A.3d at 530 (emphasis added).

After conducting a thorough analysis of the CMPA provisions governing UDC employees, our decision in *White*, and the BPA, Mr. Wolf concluded that the BPA's provision for the reimbursement of attorney's fees could be, and should be, applied to this case.[6] Specifically, he concluded that AFSCME is entitled to reimbursement of attorney's fees from UDC because UDC, as a governmental entity under the CMPA, had not adopted or implemented a comprehensive personnel and compensation system for its "Career Service" employees, to which the two aggrieved employees belonged.[7] Mr. Wolf found that "major aspects" of UDC's Career Service employee system were still governed by the CMPA — for example, he noted that "negotiations with the University's Career Service employees has for many years been undertaken by the Mayor's Office of Labor Relations and Collective Bargaining on behalf of numerous D.C. agencies." Yet, while Mr. Wolf provided extensive analysis on why the BPA could be applied to the facts here, Mr. Wolf did not explain which provision within the parties' CBA authorized him to award reasonable attorney's fees to AFSCME. *See, e.g.*, *Howard Univ. v. Metro. Campus Police Officer's Union*, 519 F. Supp. 2d 27, 32-33 (D.D.C. 2007) ("The genesis of arbitral authority is the contract, and arbitrators

---

[6] *See* 5 U.S.C. § 5596 (b)(1)(A)(ii).

[7] *See* D.C. Code § 1-602.01 (CMPA applies to employees of the "University of the District of Columbia"). *See, e.g.*, D.C. Code § 1-602.03 ("Educational employees" of UDC are governed by separate provisions).

are permitted to decide only those issues that lie within the contractual mandate.") (citation and brackets omitted).

Following Mr. Wolf's decision, UDC filed an arbitration review request with PERB, arguing that the arbitrator exceeded his authority by granting the award, and that the award was also contrary to law and public policy. *See* D.C. Code §§ 1-605.01 to -605.04 (2012 Repl.) (establishing and identifying the powers of the Public Employee Relations Board). In its Decision and Order, the PERB affirmed the arbitration award. The PERB concluded that the award was not contrary to law and public policy based on Mr. Wolf's analysis and application of the *White* decision to UDC's Career Service employees. The PERB further concluded that Mr. Wolf did not exceed his authority by looking to the BPA and granting AFSCME attorney's fees under the BPA because PERB "has long held that an arbitrator does not exceed his authority by exercising his equitable power, unless it is expressly restricted by the parties' collective bargaining agreement." *See District of Columbia Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.*, PERB Case No. 06-A-05, at *4 (Aug. 27, 2012).

UDC then filed a petition for review of PERB's decision with Superior Court. *See* Super. Ct. Civ. Agency Rev. R. 1 (g) (stating that the Superior Court

"shall base its decision . . . upon the administrative record and shall not set aside the action of the agency if supported by substantial evidence in the record as a whole and not clearly erroneous as a matter of law"); *see also Nunnally v. District of Columbia Metro. Police Dep't*, 80 A.3d 1004, 1006-07 (D.C. 2013) (holding that certain agency decisions should first be reviewed by the Superior Court). Judge Epstein vacated the award and remanded the case to the PERB, concluding that the arbitrator failed to explain his authority for granting attorney's fees. Judge Epstein determined that the arbitrator granted attorney's fees based on his interpretation of the BPA, but that the BPA was never explicitly mentioned in the parties' CBA, and that the arbitrator "did not purport to construe or apply the CBA when he decided to award attorney['s] fees under the [BPA]." Thus, in the judge's view, "[b]ecause the record [provided] no basis for PERB or the [c]ourt to conclude that the [a]rbitrator's award of attorney['s] fees was arguably based on an interpretation of the CBA, the [a]rbitrator exceeded his authority."[8] AFSCME now

---

[8] Judge Epstein concluded that there were two possible avenues by which the arbitrator's award for attorney's fees could be sustained. First, he noted that the arbitrator could clarify that he had the authority under an amorphous provision within the CBA that authorized an arbitrator to make "improperly disciplined employees whole with respect to pay, benefits, seniority and all other employment rights." Second, he also agreed with the PERB that the arbitrator could grant attorney's fees under his equitable powers given that nothing in the CBA expressly restricted the arbitrator's authority in this regard. However, because the arbitrator did not explain his rationale and basis for awarding attorney's fees, Judge Epstein concluded that "the appropriate course of action is to remand the case to PERB,

(continued…)

appeals Judge Epstein's decision to remand the arbitration award and asks this court to reinstate the PERB's decision.[9]

## II.    Discussion

It is important to note that "[a]lthough this is an appeal from a review of agency action by the Superior Court rather than a direct appeal to this court, we review the PERB decision as if the matter had been heard initially in this court." *Gibson v. District of Columbia Pub. Emp. Relations Bd.*, 785 A.2d 1238, 1241 (D.C. 2001).  Accordingly, while we respect the trial court's decision, we are not

---

(…continued)
and PERB can decide whether it is appropriate (or even possible at this stage) to direct the [a]rbitrator to address whether the CBA implicitly authorizes an award of attorney['s] fees."

Judge Epstein also expressly rejected UDC's substantive arguments for setting aside the award of attorney's fees, concluding that, "If the [c]ourt had concluded that the Arbitrator arguably interpreted the CBA to authorize an award of attorney fees under the CMPA or the Back Pay Act, the [c]ourt would defer to the Arbitrator's ruling that the Back Pay Act applies to UDC, and it would uphold PERB's decision."

[9] On November 18, 2014, the division *sua sponte* directed AFSCME to show cause why this appeal should not be dismissed as having been taken from a non-final order given that the trial court had remanded the case back to the PERB. *See Warner v. District of Columbia Dep't of Emp't Servs.*, 587 A.2d 1091, 1093 (D.C. 1991).  AFSCME filed a timely response to the court's order to show cause and this court discharged the show cause order on February 4, 2016.

required to accord legal deference to its ruling. Moreover, our review of the PERB is limited; we "must sustain the Board's decision if it is supported by substantial evidence in the record as a whole and not clearly erroneous as a matter of law." *Id.* (citations and internal quotation marks omitted). Accordingly, "[u]nless 'rationally indefensible,' a PERB decision must stand." *Fraternal Order of Police/Dep't of Corrections Labor Comm. v. District of Columbia Pub. Emp. Relations Bd.*, 973 A.2d 174, 176 (D.C. 2009).

Further, PERB's review of an appeal of an arbitration award is, likewise, limited. *District of Columbia Pub. Emp. Relations Bd. v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.*, 987 A.2d 1205, 1208 (D.C. 2010). PERB may only modify, set aside, or remand an arbitrator's decision "if the arbitrator [1] was without, or exceeded, his or her jurisdiction; [2] the award on its face is contrary to law and public policy; or [3] [the award] was procured by fraud, collusion, or other similar and unlawful means . . . ." D.C. Code § 1-605.02 (6).

To resolve the issue of whether the arbitrator's decision to grant AFSCME attorneys' fees under the BPA exceeded his authority or was contrary to law and public policy, we first examine UDC's argument that the arbitration award of reasonable attorney's fees to AFSCME based on the BPA was "contrary to law and

public policy." UDC claims that, contrary to Mr. Wolf's and the PERB's decisions, UDC had established its own comprehensive personnel and compensation system based on the criteria we set forth in *White*. UDC further claims that the DPM had superseded the BPA. Essentially, UDC seeks to re-litigate the question of whether the CMPA or the BPA — or neither — applies to UDC's Career Services employees. This is something UDC cannot do at this stage of appellate review. "[W]hen parties have agreed to submit disputes to arbitration, they have bargained for the arbitrator's construction of the contract . . . not some other tribunal's." *District of Columbia Pub. Emp. Relations Bd.*, *supra*, 987 A.2d at 1208 (citations and internal quotation marks omitted). Accordingly, whether an arbitration award has contravened law and public policy requires that the "public policy alleged to be contravened . . . be well *defined and dominant*, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." *Id.* at 1208 (emphasis added) (citations and internal quotation marks omitted). Consequently, "[a]bsent a *clear violation of law* — one evident on the face of the arbitrator's award, the PERB lacks authority to substitute its judgment for the arbitrator's" even if the PERB (or this court) may disagree with the arbitrator's interpretation. *Fraternal Order of Police/ Dep't of Corrections Labor Comm.*, *supra*, 973 A.2d at 177 (emphasis added) (citations and internal quotation marks omitted).

Here, as the PERB concluded, UDC has not provided any clear case law from this court or statutes that unequivocally supports the conclusion that UDC Career Services employees are not governed by the CMPA and the BPA. Absent direct legal authority prohibiting Mr. Wolf's interpretation of the applicability of the BPA in this case, his decision in this matter cannot be considered contrary to law. There is also no law or policy that prohibits an arbitrator from awarding attorney's fees to the employee's union. "Whether or not a union may solicit attorneys' fees as a matter of independent entitlement, the victorious employee surely can, and the representative character of the union and its lawyers in the litigation for which fees are sought must be taken fully into account." *Am. Fed'n of Gov. Emps., AFL-CIO, Local 3882 v. Fed. Labor Relations Auth.*, 944 F.2d 922, 929 (D.C. Cir. 1991).

Here, Mr. Wolf applied our decision in *White* to the facts presented, and we see nothing inherently incorrect with his analysis. For example, Mr. Wolf determined that UDC Career Service employees were not a part of a separate, comprehensive personnel and compensation system because they were "represented in negotiations by the Mayor's Office of Labor Relations and Collective Bargaining, which acts on behalf of multiple D.C. agencies with employees in the same Compensation Unit of the Career Service." This fact,

among others, distinguishes this case from *White*, where WASA was statutorily permitted to seek CMPA exemption and for the most part had adopted its own comprehensive regulations governing employee compensation. 962 A.2d at 259. Consequently, we defer to the PERB's decision that the arbitration award did not violate law or public policy. *Fraternal Order of Police/ Dep't of Corrections Labor Comm.*, *supra*, 973 A.2d at 177-78.

We also reject UDC's argument that Mr. Wolf exceeded his authority by looking to the BPA when the CBA was silent on the issue of attorney's fees.[10] It is true that "an arbitrator is confined to interpretation and application of the collective bargaining agreement [and] [his or her] award is legitimate only so long as it draws its essence from the collective bargaining agreement." *Sindler v. Batleman*, 416 A.2d 238, 242 (D.C. 1980) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). However, "an arbitrator does not exceed

---

[10] UDC takes issue with the PERB's determination that the CBA is silent on the issue of attorney's fees. UDC claims that because Article 33.2 (g), which is not a part of the record, states that improperly disciplined employees are to be made "whole with respect to pay, benefits, seniority, and all other employment rights," by negative [implication] attorneys' fees are to be excluded because attorneys' fees are not an "employment right." We reject this argument for the same reason that the trial court rejected this argument. *See District of Columbia v. Hunt*, 520 A.2d 300, 304 (D.C. 1987) ("[W]e conclude that the attorney's fees . . . [are] not an administrative process or mechanism but [are] instead a *concrete personnel entitlement* . . . .") (emphasis added).

his [or her] authority by exercising his [or her] *equitable power*, unless it is *expressly restricted* by the parties' collective bargaining agreement." *District of Columbia Metro. Police Dep't*, *supra*, PERB Case No. 06-A-05, at \*4 (emphasis added); *see also Fraternal Order of Police/Dep't of Corrections Labor Comm.*, *supra*, 973 A.2d at 177 (acknowledging the PERB's recognition that an arbitrator has equitable powers unless restricted by the collective bargaining agreement). The parties' CBA in this case is silent on the issue of attorney's fees and no public policy prevents an arbitrator from awarding attorney's fees, when the CBA is silent. Further, Article 34.6 of the parties' CBA states, "The arbitrator's award shall be final and binding, provided that it does not contradict applicable statute." Accordingly, we defer to the PERB's conclusion that Mr. Wolf's arbitration award did not exceed the scope of his authority, as it was derived from his equitable powers.[11]

---

[11]  UDC argues that the CBA provision which states that an employee found to be improperly disciplined shall be made whole with respect to "pay, benefits, seniority and all other employment rights" does not include attorney's fees paid for by the Union on behalf of its members because its members are not obliged to repay the Union's incurred costs.  But nothing within this provision "expressly restricts" Mr. Wolf's authority to grant attorney's fees to the Union; further, as Mr. Wolf concluded, the Union may recover attorney's fees incurred by its members. *See United States Dep't of Defense Defense Fin. and Accounting Serv. v. Am. Fed. of Gov. Emp. Local 2510*, 60 F.L.R.A. 281, 284 (2004) ("As the Authority has repeatedly recognized, attorney fees are incurred when an attorney-client relationship exists and counsel has rendered legal services on behalf of the

(continued…)

In our view, a remand is not warranted. While Mr. Wolf did not explain whether his decision to award AFSCME reasonable attorney's fees was based on the CBA or his equitable powers, the trial court identified two possible bases for affirming the arbitration award. See *supra* note 8. Typically, "[a]rbitrators . . . are not required to state the grounds for their decisions." *Schwartz v. Chow*, 867 A.2d 230, 233 (D.C. 2005); *see also Cathedral Ave. Co op., Inc. v. Carter*, 947 A.2d 1143, 1153 (D.C. 2008) ("[A]rbitrators commonly do not offer reasons for [a] decision . . . .").

More importantly, we think that whether an arbitrator has exceeded his or her authority pursuant to the parties' CBA is a question of law that, by statute, is for the PERB, and thereafter this court, to decide. *See* D.C. Code § 1-605.02 (6) (stating that the PERB may modify, set aside, or remand an arbitration award "only if the arbitrator was without, or exceeded, his or her jurisdiction . . . ."); *Motor City Drive, LLC v. Brennan Beer Gorman Monk Architects and Interiors, PLLC*, 890 A.2d 233, 236 (D.C. 2006) ("One of the statutory grounds for vacating an arbitration award is the arbitrator exceeded his powers. Whether an issue is arbitrable is a question of law, and a court must make its own determination on the

(…continued)
employee. . . . Moreover, an attorney-client relationship exists when an attorney represents an employee on behalf of a union.") (citation omitted).

issue. The standard of review of arbitrability, in other words, is *de novo*.") (citations, internal quotation marks, and brackets omitted). In fact, it is "undeniably a legal issue for judicial determination." *Howard Univ.*, *supra*, 519 F. Supp. 2d at 33 (citations and internal quotation marks omitted). The PERB concluded in this case that Mr. Wolf, as a matter of law, did not exceed his authority to grant attorney's fees based on his equitable powers as arbitrator. We cannot conclude that the PERB's conclusion that Mr. Wolf was authorized by his equitable powers to grant attorney's fees where the CBA appears silent on the issue is "clearly erroneous as a matter of law." *Gibson*, *supra*, 785 A.2d at 1241.

## III. Conclusion

Based on the foregoing reasons, we reverse the Superior Court's order and reinstate the PERB's decision to uphold the arbitration award of reasonable attorney's fees to AFSCME.[12]

---

[12] Because we affirm the PERB's decision directly, the issue of whether certain exhibits outside of the certified administrative record should not have been considered by the trial court is moot. We also need not decide, as AFSCME contends, whether UDC waived the question of whether the arbitrator was authorized to grant attorney's fees by failing to seek a stay of arbitration. *See, e.g.*, *Howard Univ.*, *supra*, 519 F. Supp. 2d at 35 (party to arbitration waives the "right to seek judicial relief of the arbitrator's award, having participated in the

(continued…)

*So ordered.*

---

(…continued)

arbitration process and then failing to object and preserve its objection to the arbitrability of the grievance submitted to the arbitrator").